# FOR PUBLICATION

FILED & ENTERED

JUN 23 2016

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY zamora    DEPUTY CLERK

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – Riverside Division

| | |
|---|---|
| In re | Case No. 6:15-bk-21958-SC |
| Sean Phillip Coy, | Chapter 7 |
| Debtor. | **ORDER GRANTING MOTION TO AVOID ABSTRACT OF JUDGMENT AND MOTION TO AVOID "NOTICE OF LEVY" UNDER § 522(f) AND MEMORANDUM OF DECISION** |
| | Date: May 10, 2016<br>Time: 11:00 a.m. |
| | Courtroom 5C<br>411 West Fourth Street<br>Santa Ana, CA 92701 |
| | and |
| | Courtroom 126<br>3420 Twelfth Street<br>Riverside, CA 92501 |

This matter is before the Court on two motions to avoid lien [Dks. 18, 19] ("Motions") filed by debtor, Sean Phillip Coy ("Debtor"), the oppositions [Dks. 20, 21] ("Oppositions") filed by creditor, Morgan Hill Homeowners Association ("Morgan Hills"), the Debtor's replies [Dks. 25, 26] ("Replies"), as well as the supplemental briefs filed by the Debtor [Dk. 40] and Morgan Hills [Dk. 41] ("Briefs"). The Motions originally

came on for hearing on April 26, 2016, and the Court continued those hearings to May 10, 2016 to allow for additional briefing on whether the liens sought to be avoided were unavoidable under § 522(f) because they arise from the enforcement of a judgment for foreclosure of a homeowners' assessment lien. Appearances were as noted on the record.

Based upon the Motions, Oppositions, Replies, Briefs, the record as a whole, and for the reasons set forth on the record and as more fully discussed below, the Motions are GRANTED.

## I.    Introduction

The Debtor's first § 522(f) motion [Dk. 19] ("First Motion") seeks to avoid the lien arising from an abstract of judgment ("Abstract of Judgment") [Dk. 20, Exh. 10] for $8,018.78 recorded on October 27, 2009. The Debtor's second § 522(f) motion [Dk. 20] ("Second Motion") seeks to avoid the alleged lien arising from a recorded notice of levy under writ of sale ("Notice of Levy") [Dk. 20, Exh. 13] in the amount of $22,931.09 recorded on April 30, 2015. Both the Abstract of Judgment and the Notice of Levy arise from the same Judgment (defined below) for judicial foreclosure and money judgment entered on July 14, 2009 in the amount of $8,018.78.

## II.    Facts

Morgan Hills originally recorded a notice of assessment lien [Dk. 19, Exh. 8] ("Assessment Lien") in the amount of $823.92 with the Riverside County Recorder on February 21, 2007. On July 14, 2009, Morgan Hills obtained a Judgment of Foreclosure of Real Property Assessment Lien and Money Judgment [Dk. 19, Exh. 13] ("Judgment") in the amount of $8,018.78.[1] On October 27, 2016, Morgan Hills recorded the Abstract of Judgment. On April 6, 2015, Morgan Hills recorded a writ of sale [Dk. 19, Exh. 13] ("Writ of Sale"), and on April 30, 2015, Morgan Hills recorded the Notice of Levy. On December 14, 2016, the Debtor filed a chapter 7 bankruptcy, and the Debtor now seeks

---

[1] The Judgment total of $8,018.78 was composed of delinquent assessments from November 1, 2006 to April 1, 2009 of $4,078.49; late charges from November 16, 2006 to April 16, 2009; collection costs of $340.00; interest of $897.44; attorneys' fees of $2,110.90; and court costs of $291.95.

to avoid the Abstract of Judgment and Notice of Levy under § 522(f) as being "judicial liens."

### III. Discussion

In order to avoid a lien under § 522(f), the debtor must show: (1) that he has an interest in the homestead property; (2) he is entitled to a homestead exemption; (3) the asserted lien impairs that exemption; and (4) the lien is a judicial lien. *See In re Morgan*, 149 B.R. 147, 151 (9th Cir. BAP 1993). The burden is on the debtor, as movant. *Id.*

It is undisputed that the Debtor has an interest in the subject homestead property—the real property located at 44899 Mumm Street, Temecula, CA 92592 ("Residence"). It is also undisputed that the Debtor resided at the Residence as of the petition date. The value of the Residence, $460,000.00, is not disputed. Transcript 5/10/2016 at 11:44 a.m. It is also undisputed that the Debtor is entitled to a homestead exemption. The only disputed issues before the Court are (1) whether the association's asserted liens impair the Debtor's homestead exemption; (2) whether the liens sought to be avoided are judicial liens; and (3) whether the Motions are futile and brought in bad faith by the Debtor to harass Morgan Hills. These issues are discussed and analyzed in detail below.

**A.    Do the Liens Sought to Be Avoided "Impair" the Homestead Exemption?**

Section 522(f)(2) provides a formula to determine whether a judicial lien "impairs" the debtor's exemption. It is undisputed that the § 522(f)(2) formula is met here with respect to both Motions. It is undisputed that the Debtor has claimed a $1.00 exemption in the Residence pursuant to California Code of Civil Procedure § 703.140(b)(1). *See* Schedule C [Dk. 18, Exh. 1]. As discussed on the record, it is also undisputed that the Residence is substantially undersecured. *See* Transcript 5/10/2016 at 11:50 a.m. The first deed of trust on the Residence was determined to be $550,000.00, and it is undisputed that the homeowners' assessment liens are

1  subordinate to this first trust deed. *See* Transcript 5/10/2016 at 11:52 a.m. Accordingly,
2  the Court finds that the § 522(f)(2) formula has been met.
3     Morgan Hills raises the argument, however, that the Debtor's claimed homestead
4  exemption is not "impaired" by the Abstract of Judgment because the Judgment itself
5  was not "*solely*" a money judgment. Brief [Dk. 41, page 8, lines 1-3] (emphasis added).
6  The Court disagrees. Under California law, the applicability of exemptions is not
7  dependent on whether a judgment is "solely" a money judgment. California law makes
8  no such distinction. Rather, the introductory statute governing "application of
9  exemptions" simply states: "The exemptions provided by this chapter or by any other
10 statute apply to all procedures for enforcement of a money judgment." Cal. Civ. Proc.
11 Code § 703.010(a). Indeed, the term "money judgment" is defined under California law
12 as "*that part of a judgment* that requires the payment of money." Cal. Civ. Proc. Code §
13 680.270 (emphasis added). Under California law, exemptions may be claimed by a
14 debtor to protect against the enforcement of involuntary liens, including judgments,
15 attachments, and execution liens. *See Polk v. Country of Contra Costa*, 2014 WL
16 3940206, at *9 (E.D. Cal. Aug. 12, 2014) (citing *In re Patterson*, 139 B.R. 229, 232
17 (B.A.P. 9th Cir. 1992); *In re Pavich*, 191 B.R. 838, 847 (Bankr. E.D. Cal. 1996); *In re
18 Bunn–Rodemann*, 491 B.R. 132, 136 (Bankr. E.D. Cal. 2013)).
19    Here, the Abstract of Judgment includes a money judgment component, and the
20 Abstract of Judgment is an involuntary lien that arises from the Judgment. Therefore,
21 under California law, the Abstract of Judgment impairs the Debtor's exemption.

**B.    Are the Abstract of Judgment or Notice of Levy Avoidable Under § 522(f) as Being "Judicial Liens"?**

24 Section 522(f) allows a debtor to avoid either a judicial lien or a nonpossessory,
25 nonpurchase-money security interest. 11 U.S.C. § 522(f)(1). The Debtor asserts that the
26 Abstract of Judgment and Notice of Levy are both judicial liens. Morgan Hills does not
27 dispute that the Abstract of Judgment is a judicial lien. With respect to the Notice of
28 Levy, Morgan Hills concedes that it is "arguably" a judicial lien. Brief [Dk. 20, page 3,

line 16]. For the reasons set forth below, the Court finds that the Abstract of Judgment and the Notice of Levy are judicial liens.

## Abstract of Judgment

On October 27, 2009, Morgan Hills recorded with the Riverside County recorder's office an abstract of a money judgment against the Debtor's Residence. *See* Abstract of Judgment [Dk. 18-10]. Under California law, upon recording the Abstract of Judgment, a judgment lien was created against the Debtor's Residence. *See* Cal. Civ. Proc. Code § 697.310(a) ("[A] judgment lien on real property is created under this section by recording an abstract of a money judgment with the county recorder."). Under the Bankruptcy Code, a judgment lien is a judicial lien. *See* 11 U.S.C. § 101(36) (defining "judicial lien" as a "lien obtained by judgment . . .").

The Court finds that the Abstract of Judgment is an avoidable judicial lien within the meaning of § 522(f).

## Notice of Levy

At first blush, a recorded notice of levy under writ of sale does not appear to be a lien at all. However, where a judgment for foreclosure includes a money judgment component, California law treats a writ of sale like a writ of execution with respect to the monetary aspects of the judgment. When a writ of execution is levied upon, an execution lien arises. An execution lien is an avoidable judicial lien. As analyzed below, the Court finds that the recordation of the Notice of Levy gave rise to an execution lien, which is avoidable under § 522(f).

Judgments for the sale of real property are generally enforced by writs of sale or possession, as opposed to writs of execution. *See* Cal. Prac. Guide Enf. J. & Debt Ch. 6D-2 § 6:316 ("Judgments for possession or sale of real or personal property are enforced by writs of possession or sale, rather than by writs of execution."). However, where a judgment for sale includes a money judgment component, the judgment creditor has the option of including the amount of the money judgment within the writ of sale. Cal. Civ. Proc. Code § 712.020(e) ("If the judgment for possession or sale includes a money

1 judgment, the amount required to satisfy the money judgment on the date the writ is
2 issued, and the amount of interest accruing daily on the principal amount of the
3 judgment from the date the writ is issued may be included on the writ at the option of
4 the creditor."). In such instances, the writ of sale is enforced as though it were a writ of
5 execution with respect to the money judgment aspect of the judgment (unless otherwise
6 ordered in the judgment). *See* Cal. Civ. Proc. Code § 712.040(a) ("A writ of . . . sale may
7 be enforced as a writ of execution to satisfy any money judgment included in the
8 judgment for . . . sale."); Cal. Civ. Proc. Code § 712.040(c) ("Notwithstanding
9 subdivisions (a) and (b), if so ordered in a judgment for sale, a money judgment
10 included in the judgment may only be enforced as ordered by the court."). *See also* Cal.
11 Prac. Guide Enf. J. & Debt Ch. 6I-5 ("If a *money judgment* is included in a judgment for
12 . . . sale . . . , the writ of . . . sale may be enforced by the levying officer as if it were a writ
13 of execution to satisfy such judgment (unless a judgment for sale orders otherwise)."
14 (citing *Lucky United Props. Inv., Inc. v. Lee*, 185 Cal. App. 4th 125, 139 n. 8 (2010), as
15 modified on denial of reh'g (June 28, 2010))).

16       Enforcing a writ of sale entails execution of the writ by the levying officer.
17 Execution of the writ, in turn, requires the levying officer to levy upon the property in
18 the same manner as levying on a writ of execution. Cal. Civ. Proc. Code § 716.020(a)
19 ("To execute the writ of sale, the levying officer shall: . . . (a) Levy upon the property
20 described in the writ of sale in the manner prescribed by Article 4 (commencing with
21 Section 700.010) of Chapter 3 of Division 2 for levy under a writ of execution.").
22 Levying on real property under a writ of execution requires recordation of the writ of
23 execution and notice of levy. Cal. Civ. Proc. Code § 700.015(a) ("To levy upon real
24 property, the levying officer shall record . . . a copy of the writ of execution and a notice
25 of levy . . . ."). Upon levy (*i.e.*, upon recordation of the notice of levy and writ of
26 execution), an execution lien is created by operation of law. Cal. Civ. Proc. Code
27 § 697.710 ("A levy on property under a writ of execution creates an execution lien on the
28 property . . . ."). *See also Diamond Heights Vill. Ass'n, Inc. v. Fin. Freedom Senior*

6

*Funding Corp.*, 196 Cal. App. 4th 290, 302 (2011) ("An execution lien does not arise when a writ of execution is issued by the court, but rather when the levying officer levies the property (constructively seizes it) by recording a copy of the writ of execution and notice of levy.").

Here, the Judgment includes both a foreclosure[2] component and a money judgment component. The Judgment does not restrict how it is to be enforced. *Cf.* Cal. Civ. Proc. Code § 712.040(c) ("[I]f so ordered in a judgment for sale, a money judgment included in the judgment may only be enforced as ordered by the court."). The Judgment was, in fact, enforced by the issuance and recordation of the Notice of Levy (which included a copy of the recorded Writ of Sale and Judgment). Upon recordation of the Notice of Levy on April 30, 2015, an execution lien arose by operation of California law. Under the Bankruptcy Code, an execution lien is a judicial lien. *See* 11 U.S.C. § 101(36) (defining "judicial lien" as a "lien obtained by . . . levy . . ."). *See also Skinner v. First Union Nat'l Bank (In re Skinner)*, 213 B.R. 335, 341 (Bankr. W.D. Tenn. 1997) (applying Tennessee law and holding that an execution lien arising out of a sheriff's levy of execution is a "judicial lien," avoidable under § 522(f)).

The Court finds that the Notice of Levy is an avoidable judicial lien within the meaning of § 522(f).

### C. Are the Motions Futile or Otherwise Brought in Bad Faith by the Debtor?

Morgan Hills argues that the Motions are made in bad faith for the purpose of harassing the association and that the Motions are essentially futile. Morgan Hills provided no evidence of bad faith on the part of the Debtor. Moreover, Morgan Hills provided no legal authority to support their contention that the Motions are, in fact, futile or that any purported futility would be a basis for denial of a § 522(f) lien avoidance motion.

---

[2] Morgan Hills sought judicial foreclosure of their assessment lien. California law also provides a non-judicial foreclosure mechanism for homeowners' associations. *See* Cal. Civ. Code §§ 5710, 5715.

1    At oral argument, Morgan Hills argued that if the Motions were granted, it could
2  simply seek relief from stay and begin the process of executing on the Judgment by
3  obtaining a new abstract of judgment and writ of sale against the Residence. However,
4  Morgan Hills provided no legal authority for this futility argument, and without more
5  the Court is not persuaded that the Motions are futile. The Court notes that courts have
6  in other contexts rejected futility arguments where insufficient legal authority was
7  provided. *See, e.g.*, *In re Parker*, 395 B.R. 12, 22 (Bankr. W.D. Mich. 2008) (rejecting
8  futility argument by party opposing lien avoidance where that party failed to cite any
9  legal authority and no such futility defense was recognized under the Bankruptcy Code).

10    With respect to Morgan Hills' "bad faith" argument, no evidence was provided of
11  bad faith on the part of the Debtor. Morgan Hills has provided no legal or factual basis
12  to support their bad faith or futility arguments. The Court makes no finding with respect
13  to the Debtor's good faith in bringing the Motions.

### D.    What Effect Will Lien Avoidance Have on Other Liens? (And, Importantly, Are These Issues Properly Before the Court?)

16    The parties focused much of their arguments on whether avoidance of the
17  Abstract of Judgment or Notice of Levy would result in the underlying Assessment Lien
18  being extinguished by operation of California law. The Court believes these issues are
19  beyond the scope of the two § 522(f) motions which are before the Court.

20    During oral argument on May 10, 2016, the parties each disputed the application
21  of the California Court of Appeal case of *Diamond Heights Vill. Ass'n, Inc. v. Fin.*
22  *Freedom Senior Funding Corp.*, 196 Cal. App. 4th 290 (2011). That case held that

> When an assessment lien is enforced through judicial action, the debt secured by the lien is merged into the judgment. . . . [A] claim presented and reduced to judgment merges with the judgment and is thereby superseded. The claimant's remedy thereafter is to enforce the judgment; he may not reassert the claim.

26  *Id.* at 301 (citations omitted).

27    Morgan Hills argues that even if the judicial liens are avoidable under § 522(f),
28  the Court should clarify that avoidance will not affect the association's underlying

Assessment Lien because under *Diamond Heights* only the debt (and not the assessment lien itself) was merged into the judicial liens. The Debtor, on the other hand, argues that avoidance of the Notice of Levy and Abstract of Judgment results in the avoidance of the Assessment Lien, which the Debtor asserts was "converted" into the judicial liens. Debtor's Brief [Dk. 40, page 10, lines 5-6] ("The option to seek a judicial foreclosure and to obtain a judgment converted the [homeowners' assessment] liens into judicial liens which are avoidable under under [sic] §522(f)."). Morgan Hills disputes this result, citing *In re Chu*, 258 B.R. 206 (Bankr. N.D. Cal. 2001), a case which analyzes the effect of the entry of judgment on a consensual deed of trust. That case held that "when a claim based on a security interest is reduced to judgment, while the claim may merge into the judgment, the security interest remains intact unless the judgment expressly cancels or avoids it." *In re Chu*, 258 B.R. at 209. Morgan Hills points out that the Judgment did not expressly cancel or avoid the Assessment Lien.

The Court will not comment or decide the issue of whether the underlying homeowners' assessment liens were merged into the subsequent judicial liens. That issue is not properly before the Court at this time. As noted by the Court on the record at the May 10, 2016 hearing, none of these arguments were presented in the Debtor's original motions to avoid lien under § 522(f). Indeed, § 522(f) is completely silent as to the effect of lien avoidance on *other liens* not sought to be avoided (*i.e.*, an underlying homeowners' assessment lien which is not sought to be avoided). The parties' briefing and argument is simply beyond the scope of the relief sought in the Motions.

Moreover, the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") provide that any determination of the validity, priority, or extent of a lien requires an adversary proceeding. Fed. R. Bankr. P. 7001(2); 7001(9) (providing that "[t]he following are adversary proceedings: . . . (2) a proceeding to determine the validity, priority, or extent of a lien or other interest in property; . . . [or] (9) a proceeding to obtain a declaratory judgment relating to any of the foregoing. . . ."). *See also In re Lakhany*, 538 B.R. 555, 561 (B.A.P. 9th Cir. 2015) ("It is error to circumvent the

requirement of an adversary proceeding by using a 'contested matter' motion under Federal Rule of Bankruptcy Procedure 9014." (quoting *In re Munoz*, 287 B.R. 546, 551 (B.A.P. 9th Cir. 2002))). No adversary proceeding has been filed by either party. No request for a declaratory judgment is before the Court. No proceeding seeking to determine the validity, priority, or extent of the Assessment Lien is before the Court.

### E. Does § 522(f) Require the Court to "Look Behind" the Judicial Lien to See if it Enforces or Arose from an Otherwise Unavoidable Statutory or Consensual Lien?

Finally, Morgan Hills urges this Court to find that the Abstract of Judgment and Notice of Levy are unavoidable because they enforce or arise from otherwise an unavoidable statutory or consensual lien (*i.e.*, the Assessment Lien). Morgan Hills cites various cases *Young v. 1200 Buena Vista Condominiums*,[3] for the proposition that "[b]oth the plain language of 11 U.S.C. §§ 101(36), (51), and (53) and the entire statutory scheme reveals that the classification of a lien *depends on how the lien first arose*." Morgan Hills Brief, page 4, line 5.  The Court in *Young* held that:

> [I]f a lien first arises by statute and then there is later action that could be considered the formation of a security interest or a judicial lien, the lien remains a statutory lien. If a lien originally arose via a security agreement and action is later taken to obtain a judgment the lien remains a security interest.
>
> Here, the lien is a statutory lien, because it originally arose solely by the force of statute. While subsequent events may have given the lien the appearance of a security interest and/or a judicial lien, the nature of the lien did not change from a statutory lien, because the classification of a lien depends on how it first arose.

477 B.R. 594, 602 (W.D. Pa. 2012) (applying Pennsylvania law).[4] The Court has reviewed the Code's definitions of "judicial lien," "statutory lien," and "security interest," as well as § 522(f) itself. The Court finds no basis in the Code for "looking behind" the

---

[3] Notably, the *Young* decision arose from an appeal of a dismissed adversary proceeding (not by motion). As noted above, no adversary proceeding has been filed and no declaratory relief is sought.

[4] The *Young* decision applied Pennsylvania law, which only allowed the enforcement of the condominium association's lien by judicial action. *Young*, 477 B.R. at 602 ("An individual lienholder is not able to recover simply by possessing the lien. Rather, the lienholder *must go to court and obtain a judgment* against the debtor in order to be able to execute on the lien.") (emphasis added). By contrast, California law permits homeowners associations to pursue either judicial or non-judicial foreclosure of their assessment liens, subject to a right of redemption. *See* Cal. Civ. Code §§ 5700, 5710, 5715.

lien which is sought to be avoided. The most natural reading of § 522(f) is that it simply asks the Court to answer, in pertinent part, the question of whether *the lien sought to be avoided* is a "judicial lien." *See* 11 U.S.C. § 522(f) ("the debtor may avoid the fixing of *a lien* . . . to the extent that *such lien* impairs an exemption . . . if *such lien* is . . . a judicial lien. . .") (emphasis added). A judicial lien, in turn, is defined as a lien "obtained by" judgment, levy, etc. 11 U.S.C. § 101(36). The liens sought to be avoided by the Motions fit this definition. Section 522(f) does not require the Court to look further. Congress could have written a statute requiring the Court to inquire into the origins of a lien sought to be avoided, but it did not. The liens sought to be avoided are "judicial liens," despite whether they were seeking to enforce homeowners' assessments. Therefore, the Code allows these judicial liens to be avoided.

### IV.    Conclusion

Based on the foregoing analysis, the Court finds that the Abstract of Judgment and Notice of Levy are avoidable judicial liens that impair the Debtor's homestead exemption.

The Motions are GRANTED.

###

Date: June 23, 2016

Scott C. Clarkson
United States Bankruptcy Judge